# Approval and Disapproval of Bills by the President After *Sine Die* Adjournment of the Congress

The President may approve a bill after the *sine die* adjournment of Congress. If he wishes to disapprove legislation, the correct procedure is simply inaction, which results in a pocket veto. While a formal veto message is inappropriate, the President may express his disapproval through a memorandum of disapproval.

December 30, 1982

## MEMORANDUM OPINION FOR THE DEPUTY COUNSEL TO THE PRESIDENT

This responds to your request for our advice regarding several questions related to the approval or disapproval of bills by the President after the *sine die* adjournment of the 97th Congress.

A. *Approval of bills.* Originally, Presidents had doubts whether they could approve bills when Congress was not in session.[1] President Lincoln apparently was the first President to approve a bill after the adjournment of Congress. The practice became firmly established during the administrations of Presidents Wilson and Hoover. 32 Op. Att'y Gen. 225 (1920); 36 Op. Att'y Gen. 403 (1931). The practice was held constitutional in *Edwards* v. *United States,* 286 U.S. 482 (1932). The basic rationale of *Edwards* is that the Constitution gives the President ten days to consider whether he should approve a bill and that this period may not be shortened by a *sine die* adjournment of Congress. *Id.* at 493.

Examples of instances in which Presidents have approved legislation after an adjournment *sine die* of the Congress and even after its termination are:

1. Following the termination of the 76th Congress on January 3, 1941, President Roosevelt approved bills as late as January 9, 1941. (*See* Pub. Res. No. 111, 54 Stat. 1227 (1941).)

2. After the *sine die* adjournment of the 81st Congress on January 2, 1951, and its termination of January 3, 1951, President Truman approved bills as late as January 12, 1951. (*See* The Public Papers of the Presidents, Harry S Truman 1951, 26–27.)

---

[1] These doubts were based on the now rejected theory that the approval of a bill is a legislative act which can be performed only while Congress is in session. *La Abra Silver Mining Co.* v. *United States,* 175 U S. 423, 453–55 (1899).

3. After the *sine die* adjournment of the 91st Congress on January 2, 1971, and its termination on January 3, 1971, President Nixon approved bills as late as January 13, 1971. (*See* 7 Weekly Comp. Pres. Doc. 71 (Jan. 18, 1971).)

B. *Disapproval of bills.* Article I, § 7, clause 2 of the Constitution provides that if Congress by its adjournment prevents the return of a bill, a bill not approved by the President within ten days after the presentation "shall not be a Law." The effect of this provision is twofold. First, if the President wants to disapprove a bill, he cannot return it to the House in which it originated. Second, if he wants to approve it, he must act positively during the ten-day veto period. Failure to do anything results in the disapproval of the legislation, *i.e.*, a pocket veto. *Edwards* v. *United States*, 286 U.S. at 491–92.

The correct procedure for disapproving a bill after a *sine die* adjournment of the Congress is inaction. A formal veto message is inappropriate. The President's disapproval of the legislation may be expressed by a memorandum of disapproval. Thus, after the *sine die* adjournment of the Congress on January 2, 1951, and its termination on January 3, 1951, and the convening of the 82d Congress on the same day, a memorandum of disapproval, dated January 6, 1951, disclosed President Truman's failure to approve a private bill. The Public Papers of the Presidents, Harry S Truman 1951, 657. After the termination of the 91st Congress on January 3, 1971, President Nixon issued a memorandum of disapproval, dated January 4, 1971, disclosing his failure to approve a bill to provide special retirement benefits for firefighters. 7 Weekly Comp. Pres. Doc. 32 (1971).

THEODORE B. OLSON
*Assistant Attorney General*
*Office of Legal Counsel*
